UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSEN, et al.,

                        Plaintiffs,

  -v-                                    No. 06 Civ. 3474 (LTS)(GWG)

MEGA BLOKS INC., et al.,

                        Defendants.

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION**

On July 6, 2007, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") recommending that Defendants' motion to compel arbitration be denied and that Defendants' motion to dismiss the Second Amended Complaint be denied as to Count One and granted as to Count Three. Timely objections to the Report were received from Defendants. Plaintiffs filed a response to the Defendant's objections, without making any objections of their own. The Court has reviewed thoroughly all of these submissions.

The Court's Order dated June 17, 2008, which was entered at the request of and pursuant to an agreement reached between the parties, resolved all issues with respect to Defendants' motion (docket entry no. 50) and Judge Gorenstein's Report (docket entry no. 69) except insofar as Defendants seek the dismissal of Count One of the Second Amended Complaint.

When reviewing a Report and Recommendation, the Court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

The Court will consider de novo Defendants' objections to this portion of the Report. For the following reasons and for substantially the reasons set forth in Judge Gorenstein's thorough and well-reasoned Report, the Court adopts Judge Gorenstein's recommended conclusion that Defendants' motion to dismiss Count One of the Second Amended Complaint be denied.

DISCUSSION

Count One of the Second Amended Complaint seeks a Court order requiring Defendants to deliver the 2005 Adjusted Earnings Statement ("earnout statement") required by the parties' Stock Purchase Agreement ("SPA"). Defendants' primary objections to the Report are that the remedy for this alleged breach of the SPA is money damages and that the parties did

not expressly bargain for a specific performance remedy in connection with the delivery of the earnout statement provision of the SPA. Specific performance is not an appropriate remedy where money damages are adequate to protect the expectation interest of an injured party. Sokoloff v. Harriman Estates Dev. Corp., 96 N.Y. 2d 409, 415 (2001). "Specific performance is a proper remedy, however, where the subject matter of the particular contract is unique and has no established market value." Id. (citation and quotation marks omitted). Additionally,

> The decision whether or not to award specific performance is one that rests in the sound discretion of the trial court. In determining whether money damages would be an adequate remedy, a trial court must consider, among other factors, the difficulty of proving damages with reasonable certainty and of procuring a suitable substitute performance with a damages award.

Id.

As to Defendants' objection relating to the propriety of specific performances as a remedy, the Court concurs with Judge Gorenstein's conclusion that "there are no money damages available for the breach alleged in [Count One] . . . [and] nothing would prevent a court from awarding specific performance." (Report 23.) As Judge Gorenstein correctly noted, "the claim is not that Mega Bloks failed to make a payment but that it failed to provide specific documentation called for under the contract." (Id.) Since a determination of money damages for a breach of this sort is entirely speculative, and largely incalculable, the most appropriate remedy is an order requiring Defendants to deliver the required documentation.[1] See Sokoloff, 96 N.Y. at 415 (noting that "[i]n determining whether money damages would be an adequate remedy, a trial

---

[1] As noted in Judge Gorenstein's Report, the purpose of requiring Defendants to disclose the earnout statement is to facilitate an accurate determination of the amount of the post-closing payments that are demanded in Count Two of the Second Amended Complaint.

court must consider . . . the difficulty of proving damages with reasonable certainty").

Moreover, an award of specific performance is not precluded simply because the provision of the SPA requiring Defendants to disclose the earnout statement does not identify specific performance as the remedy for a breach. As explained above, specific performance is a uniquely appropriate remedy for the breach alleged in Count One of the Second Amended Complaint. Contrary to Defendants' argument, an award of specific performance on the claim in Count One would not automatically entitle Plaintiffs to specific performance for breach of any provision of the SPA that does not expressly specify a remedy.

Accordingly, and in light of the discretion that the Court maintains in awarding specific performance as a remedy, Defendants' objections are overruled in their entirety.

## CONCLUSION

The portion of Judge Gorenstein's Report recommending the denial of Defendants' motion to dismiss Count One of the Second Amended Complaint is hereby adopted in its entirety. This case remains referred to Judge Gorenstein for general pre-trial management purposes. The parties are encouraged to consider whether they wish to consent to trial of this matter pursuant to 28 U.S.C. § 636(c) before Judge Gorenstein, who may be able to provide a firm trial setting.

This Memorandum Opinion and Order terminates docket entry nos. 50, 73, and 76.

SO ORDERED.

Dated: New York, New York
July 21, 2008

/s/ LAURA TAYLOR SWAIN
LAURA TAYLOR SWAIN
United States District Judge